■ In the Matter of WILLIAM PHILLIPS, Petitioner, v RICHARD ALBANESE et al., Respondents. [755 NYS2d 403] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Islip Housing Authority, dated March 22, 2001, which, after a hearing, terminated the petitioner's tenancy in public housing.

Adjudged that the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

The 74-year-old petitioner is a tenant in a public housing project administered by the respondent Town of Islip Housing Authority (hereinafter the respondent). The respondent sought to terminate his tenancy based upon nonpayment of rent, alcohol abuse, and an incident that occurred on December 19, 2000, wherein it was alleged that the petitioner, while in a visibly intoxicated state, forcibly entered a neighboring apartment in the housing project, causing damage to the door. After an administrative hearing, the Hearing Officer sustained the allegations and directed that the lease be terminated.

The petitioner commenced this CPLR article 78 proceeding challenging the determination. Upon transferring the proceeding to this Court, the Supreme Court stayed eviction proceedings in the District Court, Suffolk County, pending the hearing and determination of the proceeding.

The petitioner's contention that the determination should be annulled on the basis of certain defects in the termination notices is without merit. It is undisputed that the petitioner received adequate notice of the charges against him, including his right to request a hearing and examine documents, and an opportunity to be heard to rebut the respondent's evidence. Thus, the petitioner has failed to demonstrate any prejudice as a result of the claimed defects in the notices (see *Matter of Mangini v Christopher,* 290 AD2d 740, 743-744).

Based on our review of the record, we agree with the petitioner that there was insufficient evidence adduced at the hearing to support a finding that he abuses alcohol or was intoxicated during the incident in question. However, we find

substantial evidence in the record to support the findings that the petitioner entered his neighbors' locked apartment, causing damage to the door and disturbing his neighbors' peaceful enjoyment of the premises, and that the petitioner failed to make certain monthly rental payments (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Since such conduct constituted serious violations of the lease giving cause for termination (*see* 24 CFR 966.4 [f] [11]; [*l*] [2] [i] [A], [B]), we sustain the determination on those grounds.

Moreover, under the circumstances of this case, the penalty of termination of the petitioner's tenancy does not shock one's sense of fairness (*see Matter of Pell v Board of Educ., supra*).

The petitioner's remaining contentions are without merit. Altman, J.P., Smith, McGinity and Townes, JJ., concur.